THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARCUS STEVEN ROUSE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID SONNTAG,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:23-cv-00484-JNP<br><br>District Judge Jill N. Parrish |

　　　　Plaintiff, unrepresented inmate Marcus Steven Rouse, brings this civil-rights action. *See* 42 U.S.C.S. § 1983 (2023). Having now screened the Complaint, (ECF No. 4), under its statutory review function, 28 U.S.C.S. § 1915A (2023), the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

### COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** does not properly affirmatively link some specific civil-rights violations to Defendant Sonntag. (See below.)

**(b)** asserts claims possibly invalidated by the rule in *Heck.* (See below.)

**(c)** possibly asserts claims attacking the validity of conviction and sentence--if conviction and sentencing have occurred yet--which should, if at all, be exhausted in the state-court system before being brought in a federal habeas-corpus petition, not a civil-rights complaint.

**(d)** if conviction and sentencing have not yet occurred, invalidly requests that Plaintiff's state criminal case "be reviewed and possibly dismissed." (ECF No. 4.) (See below.)

**(e)** has claims apparently based on current confinement; however, the complaint was possibly not submitted using legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a

reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint: (i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(ii) The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iii) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(v) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Affirmative link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

• *Heck*

Plaintiff's claims appear to include some allegations that if true may invalidate Plaintiff's conviction or sentence, if Plaintiff has been convicted and sentenced. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues, in part, that Plaintiff's constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has possibly not happened and may result in dismissal of such claims.

- **Review of Plaintiff's state criminal case**

Regarding Plaintiff's request for his criminal "case to be reviewed and possibly dismissed," (ECF No. 4), Plaintiff should keep in mind the abstention doctrine, *see Housley v. Williams,* No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *2 (N.D. Cal. May 1, 2002), which is "rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The abstention analysis has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying the analysis here, the Court first determines based on the information in the complaint that there is possibly a pending state judicial proceeding. Second, although this action is a federal civil-rights case, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). And, considering that Petitioner possibly attacks ongoing criminal proceedings here, the Court concludes the issues in this noncriminal civil-rights case may be integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, in ongoing criminal proceedings, Petitioner would have an adequate chance to raise any of his federal constitutional challenges in state court. Therefore, if Plaintiff is

involved in ongoing state criminal proceedings, Plaintiff's request for this Court to review and dismiss his state criminal proceedings could be invalid based on an abstention analysis.

## MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask volunteer counsel to represent Plaintiff free of charge. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2023); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff bears the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask volunteer counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

**ORDER**

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document. (ECF No. 4.)

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, filed August 8, 2023, (ECF No. 4). The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**(5)** Plaintiff shall not try to serve an amended complaint on any defendants; instead, the Court will perform its screening function and determine itself whether the second amended complaint warrants service or dismissal (in part or in full). No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

**(6)** Plaintiff must observe the following District of Utah local rule:

    (a) A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with:
      (1) the Federal Rules of Civil Procedure;
      (2) these Local Rules of Practice;
      (3) the Utah Standards of Professionalism and Civility; and
      (4) other laws and rules relevant to the action.
    (b) An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.

DUCivR 83-1.6.

  **(7)** Plaintiff's motion for appointed counsel is **DENIED**, (ECF No. 5); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear *pro bono* on Plaintiff's behalf.

  DATED January 17, 2024.

        BY THE COURT:

        _____
        JUDGE JILL N. PARRISH
        United States District Court